IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-59-BO

DONNIE E. ARNOLD, )
    Plaintiff, )
)
v. )    O R D E R
)
THE INSURANCE COMPANY OF THE )
STATE OF PENNSYLVANIA and )
WASTE INDUSTRIES USA, INC., )
    Defendants. )

This cause comes before the Court on plaintiff's motion to remand. For the reasons discussed below, plaintiff's motion is granted and this matter is remanded to Edgecombe County Superior Court.

## BACKGROUND

Plaintiff filed this action in Edgecombe County seeking to recover uninsured motorist insurance from defendants, in addition to claims against defendant Insurance Company the of State of Pennsylvania (ICSP) for unfair or deceptive trade practices and insurance bad faith. The action arose out of a motor vehicle accident and injuries sustained by plaintiff when he was hit by an uninsured motorist while working for defendant Waste Industries; plaintiff was insured under Waste Industries' commercial automobile insurance policy issued by ICSP at the time of the accident. After defendants refused to pay his claim, plaintiff filed suit against the uninsured motorist and proceeded to arbitration with ICSP and Waste Industries. The arbitration panel awarded plaintiff $635,000 on his uninsured motorist claim. Plaintiff then filed suit in state court to on November 1, 2012, to, *inter alia*, collect his arbitration award. ICSP removed the action to

this Court on March 9, 2013, on the basis of this Court's diversity jurisdiction. 28 U.S.C. §§ 1441; 1446; 1332.

ICSP has a principal place of business in New York while plaintiff and Waste Industries are citizens and residents of North Carolina. ICSP contends in its notice of removal that Waste Industries is a sham defendant whose citizenship may be disregarded for purposes of determining jurisdiction.

## DISCUSSION

Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

*Timing of Removal*

ICSP filed its notice of removal under 28 U.S.C. § 1446(b)(3), which provides that a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an "other paper from which it may be first ascertained that the case is one which is or has become removable." In support of the timing of its removal, ICSP relies on a letter to its counsel from plaintiff's counsel dated February 11, 2013, which states that plaintiff is in receipt of a check from ICSP in the amount of $504,877.75, that this amount does not reflect full amount owed to plaintiff, and that, upon receipt of the full amount of the claim, plaintiff will satisfy any workers' compensation lien, the amount of which plaintiff challenges [DE 1-2]. ICSP's did in fact file its

2

notice of removal within thirty days of receipt of the letter from plaintiff's counsel, but the Court is not convinced that the letter provides a basis upon which the case became removable.

*Diversity of Citizenship*

ICSP contends that the letter demonstrates that Waste Industries is a sham defendant and thus that its citizenship should not be considered for purposes of diversity jurisdiction; in the absence of Waste Industries, the parties are completely diverse and the requisite amount in controversy is satisfied. 28 U.S.C. § 1332.

Complete diversity between plaintiffs and defendants is required in order for a federal court to maintain diversity jurisdiction over a dispute under 28 U.S.C. § 1332. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). When parties have been fraudulently joined, however, diversity jurisdiction may be found notwithstanding the shared citizenship of certain plaintiffs and defendants. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The party seeking removal (or resisting remand) on a fraudulent joinder theory must demonstrate that either (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted). The Fourth Circuit has made clear that a defendant

> alleging fraudulent joinder bears a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). . . . Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends.

*Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424-26 (4th Cir. 1999) (citations omitted).

3

ICSP has not satisfied its high burden to demonstrate fraudulent joinder here.[1] Plaintiff's complaint alleges that Waste Industries is the named insured on the policy at issue, is responsible for paying a deductible in some amount, and is therefore liable to pay some of the contractual damages that plaintiff is to recover.

At the outset, the Court notes that insofar as ICSP contends that Waste Industries has been fraudulently joined from the beginning of the Edgecombe County litigation, that argument necessarily fails as ICSP would have been on notice that Waste Industries was fraudulently joined from the inception of the suit and ICSP failed to remove the case on that basis within thirty days of its receipt of the complaint. 28 U.S.C. § 1446(b)(1); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (procedural defect such as failure to timely file notice of removal waives right to removal).

In further support of its argument that there is no possibility that plaintiff would be able to establish a cause of action against Waste Industries, ICSP contends that the letter from counsel – the "other paper" for purposes of § 1446(b)(3) – is evidence that there is no possibility that plaintiff will recover as against Waste Industries and that any claim plaintiff does have against Waste Industries has been satisfied by settlement.

The "other paper" fails to clearly demonstrate that a settlement has occurred between plaintiff and Waste Industries as there is no reference to Waste Industries or plaintiff's claim against it in the letter. Moreover, the fact that plaintiff, subsequent to removal, obtained an order from the North Carolina Industrial Commission to distribute funds sent by ICSP is insufficient to

---

[1] The Court does not address whether there has been outright fraud on the part of plaintiff in pleading jurisdictional facts, as ICSP does not appear to argue as such.

show that plaintiff's claim against Waste Industries has necessarily been satisfied or extinguished. *See Futrelle v. Duke Univ.*, 127 N.C. App. 244, 248-49 (1997) (discussing requirements for accord and satisfaction of a dispute and finding requirements satisfied where affidavit submitted showing that check had been cashed and a conspicuous statement regarding full satisfaction of claim sent in letter form along with check). In the absence of evidence such as that present in *Futrelle*, this Court cannot determine whether in fact ICSP's check to plaintiff could be considered a full accord and satisfaction of the dispute between plaintiff and Waste Industries.

Finally, ICSP relies on the fact that Waste Industries is in default in the Edgecombe County suit and that plaintiff has not yet moved for default judgment to show that plaintiff has voluntarily discontinued his action against Waste Industries. Although ICSP is correct to note that abandonment by a plaintiff of its claim against a non-diverse defendant may well serve to establish a basis for removal, it has pointed to no case, nor is the Court aware of one, where entry of default against the non-diverse defendant or failure to seek default judgment within a prescribed time would be deemed abandonment of a plaintiff's claim. *See In re Diet Drugs; Bellah v. Am. Home Prods. Corp.*, No. CIV.98-20560, 1999 WL 106887 * (E.D.Pa. March 2, 1999) (non-diverse defendant in default coupled with no action by plaintiff as to that defendant insufficient to show intent to abandon claim); *see also Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 60 (4th Cir. 1991) (entry of stipulation of dismissal and counsel's statement in court that he would stipulate to the non-diverse defendants' dismissal sufficient to show plaintiff's abandonment of claim); *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 334-335 (D.S.C. 1979) (plaintiff abandoned claim against non-diverse defendant where counsel stated in closing argument that plaintiff did not wish to impress liability on defendant). In light of the foregoing,

5

the Court has been presented with no basis upon which to find that plaintiff has abandoned his claim against Waste Industries.

As ICSP has not established that the non-diverse defendant in this matter either was fraudulently joined or that plaintiff's claims against it have been abandoned, the Court lacks diversity jurisdiction over this matter. Alternatively, because the Court's diversity jurisdiction over this matter would be doubtful, remand of the action is required. *Mulcahey,* 29 F.3d at 151.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [DE 10] is GRANTED and this matter is hereby REMANDED to Edgecombe County Superior Court. Plaintiff's request for attorney's fees and costs in connection with this motion is denied.

SO ORDERED, this 19 day of September, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE